IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEAST DIVISION

LS IV, a minor, by next best friend and
father, Laurence Malcolm Smith III; and
Laurence Malcolm Smith III,

                                    Plaintiffs,          Case No.

v.                                                       JURY DEMANDED

Cumberland County, Tennessee;
Cumberland County Sheriff Casey Cox;
Cumberland County Deputies Dustin
Jackson, Ted Monday, Danny Stone, Audrey
Green, Alexia Young;
City of Crossville, Tennessee; Crossville
Police Chief Jessie Brooks; Crossville
Police Officers Jonathan O'Neal, Justin
Farmer, Steve McNeal, Jessie Henson,
Christopher Stavros;

                                    Defendants.

## COMPLAINT

COMES NOW Plaintiff, LS IV, a minor (hereinafter referred to as LS IV) - by and
through his father - Laurence Malcolm Smith III (hereinafter referred to as LS III) and
undersigned counsel, Richard M. Brooks, by way of Complaint against the Defendants, states the
following:

## I. INTRODUCTION

Defendants are both jointly and individually responsible for Plaintiff's injuries caused by
the excessive force used by Deputies of the Cumberland County Sheriff's Department and
Officers of the Crossville Police Department during the unlawful detention of the then 14-year-
old Plaintiff and the cruel and unusual punishment and use of excessive force Plaintiff was
subjected prior to his confinement in the Cumberland County Juvenile Detention facility on or

1

around March 7, 2025. Plaintiff was ordered to report to the facility at 4 p.m. on this day, but these activities took place before his scheduled report time.

LS III was shoved and threatened by Deputy Ted Monday for expressing concern about his son.

## II. JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1331 with this Complaint arising under a violation of rights conferred by federal statutes and the Constitution of the United States of America.

2.      Jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3) because this action seeks redress for a deprivation - under color of state law - of rights secured to Plaintiff by the Fourteenth Amendment to the United States Constitution.

3.      Plaintiff asserts claims for relief under 42 U.S.C. § 1983, which authorizes action to redress the deprivation - under color of state law - of rights, privileges, or immunities secured to Plaintiff by the Constitution or laws of the United States of America and 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought under 42 U.S.C. § 1983.

4.      This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because one or more defendants reside in this judicial district. Additionally, the acts and omissions giving rise to the claims herein occurred within this judicial district.

## III. PARTIES

5.      Plaintiff, LS IV, is a minor, date of birth October 26, 2010, and a resident of Cumberland County, Tennessee. He was 14 years-old at the time of these incidents.

2

6. Plaintiff, LS III, is an adult resident of Cumberland County, Tennessee.

7. Defendant Cumberland County is a political subdivision of the State of Tennessee.

8. Defendant Casey Cox (hereinafter referred to as Cox) is the elected Sheriff of Cumberland County, Tennessee, with authority over the operation and management of the Cumberland County Sheriff's Department and the Cumberland County Juvenile Detention Facility. He is sued in his official capacity.

9. Defendant Dustin Lynn Jackson (hereinafter referred to as Jackson) is, and at all times relevant to the claims herein, was employed as a Deputy of the Cumberland County Sheriff's Department, and is sued in both his official and individual capacities.

10. Defendant Ted Monday (hereinafter referred to as Monday) is, and at all times relevant to the claims herein, was employed as a Deputy of the Cumberland County Sheriff's Department, and is sued in both his official and individual capacities.

11. Defendant Danny Stone (hereinafter referred to as Stone) is and, at all times relevant to the claims herein, was employed as a deputy of the Cumberland County Sheriff's Department, and is sued in both his official and individual capacities.

12. Defendant Audrey Green, (hereinafter referred to as Green) is, and at all times relevant to the claims herein, was employed the Cumberland County Sheriff's Department as a juvenile detention officer, and is sued in both her official and individual capacities.

13. Defendant Alexia Young (hereinafter referred to as Young) is and, at all times relevant to the claims herein, was employed the Cumberland County Sheriff's Department as a juvenile detention officer, and is sued in both her official and individual capacities.

3

14. Defendant City of Crossville (hereinafter referred to as Crossville) is a political subdivision of the State of Tennessee.

15. Defendant Jessie Brooks (hereinafter referred to as Brooks) is, and at all times relevant to the claims herein, the Chief of Police for Crossville, Tennessee, with authority over the operation and management of the Crossville Police. Department. He is sued in both his official and individual capacities.

16. Defendant Jonathan O'Neal (hereinafter referred to as O'Neal) is, and at all times relevant to the claims herein, was employed by the Crossville Police Department as a Police Officer, and is sued in both his official and individual capacities.

17. Defendant Justin Farmer, (hereinafter referred to as Farmer) is, and at all times relevant to the claims herein, was employed by the Crossville Police Department as a Police Officer, and is sued in both his official and individual capacities.

18. Defendant Steve McNeal (hereinafter referred to as McNeal) is, and at all times relevant to the claims herein, was employed by the Crossville Police Department as a Police Officer, and is sued in both his official and individual capacities.

19. Defendant Jessie Henson (hereinafter referred to as Henson) is, and at all times relevant to the claims herein, was employed by the Crossville Police Department as a Police Officer, and is sued in both his official and individual capacities.

20. Defendant Christopher Stavros (hereinafter referred to as Stavros is, and at all times relevant to the claims herein, was employed by the Crossville Police Department as a Police Officer, and is sued in both his official and individual capacities.

## IV. FACTUAL ALLEGATIONS

### FACTS:

4

21.     LS IV was a 14 year-old minor who was required to report on February 22, 2025 and March 7, 2025, to the Cumberland County, Tennessee, Juvenile Detention Center to complete two weekends, as ordered by the Juvenile Court Judge. He was to report at 4:00 p.m. on both occasions.

22.     On February 21, 2025, LS IV arrived at the Detention Center peacefully.

23.     The following day, he was allowed to leave the cell to get a drink of water at around 9 p.m. He tripped over a chair next to the water cooler, fell and hit his head on a desk.

24.     As a result, emergency medical services were called and he was transported to Cumberland Medical Center for treatment, including two staples in his skull and warnings to his father to watch for symptoms of what we now know is Post Concussion Syndrome.

25.     A few days later, while at Monroe Carell Jr. Children's Hospital at Vanderbilt, LS IV became nauseated and photosensitive, requesting staff to dim the lights in the ER.

26.     On March 7, 2025, LS III and his son, LS IV, arrived at the Detention Center early, at 3:45 p.m.

27.     Both individuals were calm when they entered. The father, LS III, left LS IV and went outside. When his father left, LS IV became agitated and tried to follow his father outside. Green and Young tried to prevent him from leaving, even though he had 10 minutes before he was required to report.

28.     The guards radioed for help.

29.     LS IV, while walking in the parking lot, heard the door open behind him, turned around to see his son walking out of the facility and reversed course, walking to his son.

30.     Eight members of the Cumberland County Sheriff's Department and the City of Crossville Police Department responded to the call.

5

31. Upon arrival, Deputy Jackson saw LS III - who at the time stood at approximately 5'6 and 130 pounds- with his son, LS IV - who at the time stood approximately 5'8 and 120 pounds - in what is commonly called a bear hug, with LS III completely restraining his son's upper body, holding him in place, while talking to him calmly and sternly, in an attempt to soothe his teenaged son.

32. Meanwhile, Officers Young and Green had come outside, with Taser drawn.

33. Without any warning, Deputy Jackson charged towards LS III and LS IV, violently wrested LS IV from his father's arms and with extreme physical force, carried and dragged him to the entrance of the detention center.

34. Waiting in the detention center was at least four other Law Enforcement Officials. While LS IV was on the ground, he was tased, kicked and dragged across a linoleum floor by Jackson.

35. Once inside, Deputies, Police Officers and Juvenile Detention Officers used excessive force on the minor, tased the minor and dragged him forcefully across the floor to a cell, hitting the child's head on the doorframe in the process. Officers did this unnecessarily and with malice as shown on the videos. Once inside, Deputy Monday arrived and administered a "drive stun" to the child's leg, while he was being held down by other officers.

36. LS IV was left in solitary confinement for the rest of the weekend.

37. LS III was pushed and shoved by Monday, who would not let him observe what was being done to his child. The actions of the officers escalated the situation when the situation should have been de-escalated.

38. One officer, Danny Stone, choked and hit LS IV. He later pleaded guilty to these charges and was fired.

6

39. LS III was pushed and shoved by Monday, who would not let him observe what was being done to his child. The actions of the officers escalated the situation when the situation should have been de-escalated.

## V. CAUSE OF ACTION

Count 1: <u>Violation of Plaintiff's Right to Due Process Under the Fourteenth Amendment and Fourth Amendment--Unlawful Seizure of Plaintiff's Person Without Probable Cause--False Arrest</u>

40. All paragraphs above are incorporated herein as if fully restated verbatim.

41. All of the actions and omissions committed by defendants Cox, Jackson, Monday, Stone, Green, Young, Brooks, O'Neal, Farmer, McNeal, Henson and Stavros were done under color of state law because they were each acting under the authority given to them by the government and the acts and omissions were committed within the exercise of their official authority, responsibility, or duties. Each of the Defendants identified above were personally involved in the unlawful seizure and detention of Plaintiff's person without probable cause and in a manner deliberately indifferent to Plaintiff and his rights.

42. Defendant Cumberland County is liable for the policies, customs, and practices implemented by Defendant Cox because he is the final policymaker for the Cumberland County Sheriff's Department and the Cumberland County Juvenile Detention Facility.

43. Defendant Cumberland County is liable for Defendant Cox's management and operation of the Cumberland County Sheriff's Department and the Cumberland County Juvenile Detention Facility, including the hiring, training, supervision and discipline of Deputy Sheriffs and Juvenile Detention Officers.

44. Defendant Cumberland County is liable for deliberate indifference based on its above-described failure to properly train Deputy Sheriffs and Juvenile Detention Officers.

7

45. Cumberland County is liable for deliberate indifference based on its above-described failure to adequately supervise Deputy Sheriffs and Juvenile Detention Officers.

46. Defendant City of Crossville is liable for the policies, customs and practices implemented by Defendant Brooks because he is the final policymaker for the Crossville Police Department.

47. Defendant City of Crossville is liable for Defendant Brooks' management and operation of the Crossville Police Department, including the hiring, training, supervision and discipline of City of Crossville Police Officers.

48. Defendant City of Crossville is liable for deliberate indifference based upon Defendant Brooks' failure to properly train City of Crossville Police Officers.

49. Defendant City of Crossville is liable for deliberate indifference based upon Defendant Brooks' failure to supervise City of Crossville Police Officers.

Count 2: <u>Violation of Plaintiff's Right to Due Process Under the Fourteenth and Fourth Amendment--Unlawful Use of Excessive Force</u>

50. All paragraphs above are incorporated herein as if fully restated verbatim.

51. All of the actions and omissions committed by Defendants Cox, Jackson, Monday, Stone, Brooks, O'Neal, Farmer, McNeal, Henson and Stavros were done under color of state law because they were each acting under the authority given to them by the government and the acts and omissions were committed within the exercise of their official authority, responsibility, or duties. Each of the Defendants identified above were personally involved in the unlawful use of excessive force during the seizure and detention of the Plaintiff and in a manner deliberately indifferent to Plaintiff and his rights and failed to de-escalate the situation.

52. Defendant Cumberland County is liable for the policies, customs, and practices implemented by Defendant Cox because he is the final policymaker for the Cumberland County

8

Sheriff's Department and the Cumberland County Juvenile Detention Facility, including the hiring, training, supervision and discipline of Cumberland County Deputy Sheriffs and Juvenile Probation Officers.

53. Defendant Cumberland County is liable for Defendant Cox's management and operation of the Cumberland County Sheriff's Department and the Cumberland County Juvenile Detention Facility.

54. Defendant Cumberland County is liable for deliberate indifference based on its above-described failure to properly train deputy sheriffs and juvenile detention officers.

55. Cumberland County is liable for deliberate indifference based on its above-described failure to properly supervise Deputy Sheriffs and Juvenile Detention Officers.

56. Defendant City of Crossville is liable for the policies, customs, and practices implemented by Defendant Brooks because he is the final policymaker for the City of Crossville Police Department.

57. Defendant City of Crossville is liable for Defendant Brooks' management and operation of the Crossville Police Department, including the hiring, training, supervision and discipline of City of Crossville Police Officers.

58. Defendant City of Crossville is liable for deliberate indifference based upon Defendant Brooks' failure to train City of Crossville Police Officers.

59. Defendant City of Crossville is liable for deliberate indifference based upon Defendant Brooks' failure to supervise City of Crossville Police Officers.

Count 3: Violation of Plaintiff's Right to Due Process Under the Fourteenth Amendment--Cruel and Unusual Punishment

60. All paragraphs above are incorporated herein as if fully restated verbatim.

9

61. Under the Due Process clause of the Fourteenth Amendment, the Constitutional Rights afforded federal prisoners under the Eighth Amendment, which prohibits the imposition of cruel and unusual punishment extend to juveniles detained by States for having committed state juvenile offenses.

62. All of the actions and omissions of Defendants Cox, Green and Young regarding the Plaintiff's detention were done under color of state law because they were each acting under the authority given to them by the government and the acts and omissions were committed within the exercise of their official authority, responsibility and duties.

63. Defendant Cumberland County is liable for the policies, customs and practices implemented by Defendant Cox because he is the final policymaker for the Cumberland County Sheriff's Department and the Cumberland County Juvenile Detention Facility.

64. Defendant Cumberland County is liable for Defendant Cox's management and operation of the Cumberland County Sheriff's Department and the Cumberland County Juvenile Detention Facility, including the hiring, training, supervision and discipline of Cumberland County Juvenile Detention Officers.

65. Defendant Cumberland County is liable for the deliberate indifference based upon Defendant Cox's failure to properly train Cumberland County Juvenile Detention Officers.

66. Defendant Cumberland County is liable for deliberate indifference based upon Defendant Cox's failure to adequately supervise Cumberland County Juvenile Detention Officers.

67. All of Plaintiff's injuries and damages were proximately caused by Defendants' unconstitutional acts, omissions, customs, policies, and procedures.

**State Causes of Action**

10

Count 4: <u>Tort of Outrage--Intentional Infliction of Emotional Distress</u>

68. All paragraphs above are incorporated herein as if fully restated verbatim.

## VI. DAMAGES

69. The conduct of Defendants Cox, Jackson, Monday, Stone, Green, Young, Brooks, O'Neal, Farmer, McNeal, Henson, and Stavros was intentional or reckless and too outrageous to be tolerated by civilized society and resulted in serious mental injury to the Plaintiff.

70. All paragraphs above are incorporated herein as if fully restated verbatim.

71. As a direct and proximate result of Defendants' violations of his federally protected rights and reckless disregard to his serious medical need, Plaintiff has suffered:

a) Pain and suffering,

b) Physical and mental injuries,

c) Pecuniary damages including past and future medical expenses,

d) Loss of income,

e) Loss of enjoyment of life

f) Serious mental suffering and emotional distress

## VII. REQUEST FOR RELIEF

Based upon the foregoing, Plaintiff requests:

A. Process be issued and that each Defendant be required to respond within the time provided by the Federal Rules of Civil Procedure;

B. A jury be empaneled to try this case;

C. That Declaratory Judgment be entered;

D. That Plaintiff be awarded nominal damages against Defendants, jointly and severally;

11

E. That Plaintiff be awarded compensatory damages against Defendants, jointly and severally;

F. That Plaintiff be awarded punitive damages against Defendants Cox, Jackson, Monday, Stone, Green, Young, Brooks, O'Neal, Farmer, McNeal, Henson, and Stavros, jointly and severally, in an amount deemed appropriate by a jury;

G. That Plaintiff be awarded judgment under 42 U.S.C. § 1988 against Defendants, jointly and severally, for reasonable attorney's fees, costs, and expenses;

H. For pre-judgement and post-judgment interest on all damages awarded;

I. For such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 6th day of March, 2026.

**Richard M. Brooks (#4308)**
Attorney for Plaintiff
P.O. Box 255
130 Third Avenue West
Carthage, TN 37030
(615) 735-0807
utkrmb@comcast.net

## CERTIFICATION

I am the aforementioned plaintiff in this action and certify that to the best of my knowledge and belief the foregoing allegations are true and correct.

DATED this 6th day of March, 2026.

Laurence Malcolm Smith III, Plaintiff